**Opinion filed September 14, 2023**



In The

# Elebenth Court of Appeals

_____

## No. 11-19-00195-CV
_____

## SUSAN DAVIS VAN DYKE ET AL., Appellants

## V.

## H & S FARMS, INC. ET AL., Appellees

**On Appeal from the 118th District Court**
**Martin County, Texas**
**Trial Court Cause No. 6848**

## M E M O R A N D U M   O P I N I O N

This is one of three cases that arise out of a dispute over the interpretation of a 1924 deed in which the grantors reserved "one-half of one-eighth of all minerals and mineral rights" in a conveyance of land. Appellants maintain that the phrase "one-eighth of all minerals and mineral rights" is a term of art which refers to the entirety of the grantors' mineral estate. Thus, they contend, the deed reserved a one-half interest of the mineral estate in favor of the grantors. Appellees advocate a

purely mathematical application of the phrase "one-half of one-eighth," such that it reserves a one-sixteenth mineral interest in favor of the grantors. In due course, Appellees filed a motion for summary judgment, which the trial court granted.[1] This appeal followed.

This appeal was abated shortly after it was filed. At the time of abatement, we were considering *Van Dyke v. Navigator Group* (*Van Dyke I*),[2] a case that involved an identical dispute over mineral interests in other properties that were part of the 1924 deed. Several months later, we issued our opinion in *Van Dyke I*, 647 S.W.3d 901, 913 (Tex. App.—Eastland 2020), *rev'd*, 668 S.W.3d 353 (Tex. 2023). *Van Dyke I* was then appealed to the Texas Supreme Court, at which time we extended our abatement of this case pending the resolution of the *Van Dyke I* appeal.

On February 17, 2023, the supreme court handed down its opinion in *Van Dyke I*, holding that the 1924 deed reserved a one-half interest of the mineral estate in favor of the grantors. *Van Dyke v. Navigator Group*, 668 S.W.3d 353, 359 (Tex. 2023). The supreme court also held that, because the successors-in-interest to the transaction had treated the grantor-reserved interest as a one-half interest for several decades before the underlying litigation was filed, the presumed-grant doctrine mandated that the successors-in-interest to the grantor retain their one-half interest. *Id*. at 366–67. The court then remanded *Van Dyke I* to the trial court for further proceedings. *Id*. at 368.

Appellants have now filed a motion asking us to vacate the abatement and to either (1) render a summary reversal of the trial court's judgment or (2) vacate the

---

[1]After the trial court signed its order granting motions for partial summary judgment in favor of several Appellees, the trial court severed the claims that were resolved in its orders from the various claims for damages and other relief that were not yet resolved.

[2]Because there are several overlapping parties, including Susan Van Dyke—who is the first named Appellant in each case—we refer to the first of the three appeals as *Van Dyke I*.

trial court's judgment. In that regard, the parties to this matter have not yet submitted any briefing, and we believe it would be imprudent under the circumstances to render judgment without allowing the parties to identify and fully vet any remaining issues. On the other hand, proceeding with this appeal on the merits would likely result in unnecessary expense and delay, given that the dispute that is central to each *Van Dyke* appeal has now been resolved by the supreme court.

For the reasons stated above and because the parties and the trial court should have the opportunity to consider the underlying dispute in this case in light of the supreme court's holding in *Van Dyke I*, we conclude that a remand is appropriate. Accordingly, we vacate the trial court's final judgment and remand this cause to that court for further consideration and proceedings.

W. STACY TROTTER
JUSTICE

September 14, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[3]

Williams, J., not participating

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.